ROBERT FRAZER
United States Attorney
SUSAN J. PAPPY
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (201) 407-2971
email: susan.pappy@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* DOUGLAS S. RABIN, M.D., GERARD ABATE, M.D., AND LORI ANDERSON<br><br>*Plaintiffs*,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC., AND JOHN DOE COMPANIES 1-10<br><br>*Defendants*. | Hon. Katharine S. Hayden<br><br>*Civil Action No.* 20-2752<br><br>(KSH) **ORDER** |

Plaintiff United States of America (United States) has submitted to the Court its application for an order restoring the matter to the Court's active docket, lifting the stay, and its notice of intervention for settlement purposes. (Doc. 52). Defendant Quest Diagnostics, Inc. filed a motion seeking to keep the March 2020 original complaint and certain portions of the Amended Complaint under seal and filed a proposed redacted Amended Complaint ("Redacted Amended Complaint."). *See* Quest's November 6, 2025 Sealed Docket Filing, Declaration of David Feder, Exhibit A. On November 12, 2025, Quest filed a letter in which it amended the relief it sought in its motion, to also permit unsealing the original complaint containing limited redactions proposed by Quest in the form of Exhibit 1 to its November 12, 2025 letter.

IT IS THEREFORE ORDERED that the Clerk of the Court shall administratively

reopen the above action;

IT IS FURTHER ORDERED that the Redacted Amended Complaint proposed by Quest (Exhibit A to this Order), the United States' Notice of Intervention (Doc. 52, Attachment 1), and this Order shall be unsealed on the docket.

IT IS FURTHER ORDERED that all other papers or Orders on file in this matter shall remain under seal, and the seal be lifted on all pleadings that are filed in this action after this Order is entered.

SO ORDERED.

s/Katharine S. Hayden

Honorable Katharine S. Hayden
United States District Court Judge

# Exhibit A

Filed Under Seal

**UNITED STATES DISTRICT COURT for**
**the SOUTHERN DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, the STATE OF FLORIDA, the STATE OF ILLINOIS, the COMMONWEALTH OF MASSACHUSETTS, the STATE OF MICHIGAN, the STATE OF NEW JERSEY, the STATE OF NEW YORK, and the STATE OF TEXAS

*ex rel.* [UNDER SEAL],

Plaintiffs,

v.

[UNDER SEAL],

Defendants.

**Civ. Action No.** [redacted]

**AMENDED QUITAM COMPLAINT**
**FILED UNDER SEAL**
**PURSUANT TO**
**31 U.S.C. § 3730(b)2**
**DEMAND FOR JURY TRIAL**

**UNITED STATES DISTRICT COURT for**
**the SOUTHERN DISTRICT OF JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, the STATE OF FLORIDA, the STATE OF ILLINOIS, the COMMONWEALTH OF MASSACHUSETTS, the STATE OF MICHIGAN, the STATE OF NEW JERSEY, the STATE OF NEW YORK, and the STATE OF TEXAS,<br><br>*ex rel.* Douglas S. Rabin, M.D., Gerard Abate, M.D., and Lori Anderson<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED and JOHN DOE COMPANIES 1-10<br><br>Defendants. | **Civ. Action No.** [redacted]<br><br>**AMENDED QUITAM COMPLAINT FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)2 DEMAND FOR JURY TRIAL** |

**AMENDED COMPLAINT**

On behalf of the United States of America, the State of California, the State of Florida, the State of Illinois, the Commonwealth of Massachusetts, the State of Michigan, the State of New Jersey, the State of New York, and the State of Texas Relators Douglas S. Rabin, M.D., Gerard Abate, M.D., and Lori Anderson file this Amended *qui tam* Complaint against Defendants QUEST DIAGNOSTICS INCORPORATED and JOHN DOE COMPANIES 1-10 and alleges as follows:

**INTRODUCTION**

1. This is an action brought by Relators Douglas S. Rabin, M.D., Gerard Abate, M.D., and Lori Anderson to recover treble damages and civil penalties on behalf of the United States of

America, the State of California, the State of Florida, the State of Illinois, the Commonwealth of Massachusetts, the State of Michigan, the State of New Jersey, the State of New York, and the State of Texas (collectively: the "Government") arising from an unlawful scheme by Defendants QUEST DIAGNOSTICS INCORPORATED and JOHN DOE COMPANIES 1-10 (collectively "Quest" or "Defendants") to make false claims to obtain improper reimbursements from Medicare, Medicaid and other Government-funded health insurance plans.

2. Specifically, Defendants provided unlawful kickbacks to physicians and other decision-makers in the healthcare industry to induce referrals. [redacted]

3. Defendants' conduct alleged herein is in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended ("FCA"), the Anti-Kickback Statute ("AKS), 42 U.S.C. § 1320a-7b(b), and the corresponding false claims statutes of the named state plaintiffs.

**PARTIES**

4. Relator Lori Anderson was Director of Health Economics & Outcomes Research, Medical Affairs at Quest between September 2015 and June 5, 2018. Her principal job duties included [redacted][1]

---

1 [redacted]

5. Relator Anderson also worked as a Product Director between July 2013 and August 2015 in the development and marketing of Hematopathology, [redacted]

6. Relator Anderson is currently Senior Product Manager for a healthcare information technology company in Southern California where she also resides.

7. Relator Douglas S. Rabin, M.D. is a Board Certified Reproductive Endocrinologist and Obstetrician and Gynecologist with extensive experience in the pharmaceutical and diagnostic industries.

8. Relator Rabin was Medical Director of Women's Health and Medical Affairs at Quest between May 2014 and May 2017 where he was responsible for developing medical expertise in women's health throughout the organization to improve the quality of services and customer support.

9. Relator Rabin is currently Vice President of Medical Affairs and Women's Health at a therapeutics and life sciences company. He resides in New Hampshire.

10. Relator Gerard Abate, M.D. is a cardiologist who served as the Executive Director of Medical Affairs for Quest between December 2016 and January 2018. At Quest, Dr. Abate oversaw a department of 70 employees with oversight of eight clinical franchise medical directors (i.e. oncology, genetics, women's health, cardiovascular-metabolism, neurology, and infectious disease/inflammation).

11. Relator Abate was recently appointed as Chief Medical Director of a healthcare product company in Southern Nevada.

12. Defendant QUEST DIAGNOSTICS INCORPORATED is a Delaware corporation, headquartered at 500 Plaza Drive in Secaucus, New Jersey, that develops and

delivers diagnostic testing, [redacted] for patients, physicians, health plans and hospitals.

13. Quest's website describes the company as "the world's leading provider of diagnostic information services" and notes that it generated revenues in 2018 of approximately $7.53 billion.[3]

14. The company's stocks are traded on the New York Stock exchange (NYSE: DGX). Quest operates patient locations and clinical laboratories at over 2,200 locations throughout the United States.

15. A substantial portion of Quest's business involves patients covered by Medicare or other Government-funded health plans.

16. Defendant John Doe Companies 1-10 are those patient locations and clinical laboratories wholly-owned and/or operated by Quest throughout the United States that conspired or otherwise coordinated with Quest to carry out the wrongful schemes alleged herein.

## JURISDICTION AND VENUE

17. Venue and jurisdiction are the same under the FCA. 31 U.S.C. § 3732. An action may be brought in any judicial district in which any Defendants may be found or in which any proscribed act occurred. 31 U.S.C. § 3732(a). The United States District Court for the District of New Jersey has jurisdiction and venue for any Complaint brought in the matter because Defendants are located in this district and many of the proscribed acts occurred in this district.

---

[2] [redacted]

[3] See: https://newsroom.questdiagnostics.com/index.php?s=30664

18. Relators are unaware that the allegations in this Complaint have been publicly disclosed. Further, to the extent that any of the information in this Complaint has been publicly disclosed, Relators' allegations in this Complaint are not based on such public disclosures.

19. Additionally, Relators are original sources of the information upon which the allegations are based because they have direct and independent knowledge of it.

20. Pursuant to 31 U.S.C. § 3730(b)(2), the Relators must provide the Government with a copy of the Complaint and/or a written disclosure of substantially all material evidence and material information in their possession contemporaneous with the filing of the Complaint. Relators have complied with this provision by serving their pre-suit Disclosure Statement with attached exhibits upon Bernard Cooney, Assistant United States Attorney for the Southern District of New Jersey on December 31, 2019.

21. In further compliance with 31 U.S.C. §3730(b)(2), Relators shall, contemporaneously with the filing of this Complaint, serve copies of this Complaint upon the Assistant United States Attorney for the District of New Jersey and on the Honorable William Barr, Attorney General of the United States.

22. In further compliance with 31 U.S.C. § 3730(b)(2), this Complaint is being filed *in camera* and will remain under seal for a period of at least sixty days and shall not be served on the Defendants until the Court so orders.

23. In compliance with the state statutes, this Complaint and the pre-suit Disclosure Statement shall be served on the Attorneys General of the named state plaintiffs contemporaneously with filing.

## GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT

### A. THE FALSE CLAIMS ACT

24. Originally enacted in 1863, Congress substantially amended the FCA in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained because of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

25. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval;" or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim;" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. 3729(a)(1)(A), (B), (G). Any person found to have violated these provisions is liable for a civil penalty of up to $11,000 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government.

26. Significantly, the FCA imposes liability where the conduct is merely "in reckless disregard of the truth or falsity of the information" and further clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. 3729(b)(1).

27. The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that — (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the

money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government — (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

28. The *qui tam* provision of the FCA allows private persons with information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in the proceeds of any recovery. The complaint must be filed under seal without service on any Defendants.

29. The complaint remains under seal while the Government investigates the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

**B. THE STATE STATUTES**

30. Like their federal counterpart, the state statutes make it unlawful to knowingly make false statements to obtain Medicaid reimbursement and allow the States of California, Florida, and Illinois, the Commonwealth of Massachusetts, the states of Michigan, New Jersey, New York, and Texas to obtain double or treble damages for violations and civil fines ranging from $5,000-$25,000.

31. The state statutes also contain *qui tam* provisions allowing a private person to bring a civil action for a violation of the act on behalf of the state. The share of the proceeds a successful relator can claim under this law is similar to the federal standards of 15% to 25% for an intervened case and from 25% to 30% for a non-intervened case.

## C. FEDERALLY FUNDED HEALTH INSURANCE PROGRAMS

### 1) Medicare

32. Medicare is a federally-funded health insurance program for the elderly and persons with certain disabilities, providing both hospital insurance, Medicare Part A, which covers the cost of inpatient hospital services and post-hospital nursing facility care, and medical insurance, Medicare Part B, which covers the cost of the physician's services such as services to patients who are hospitalized, if the services are medically necessary and personally provided by the physician.

33. Medicare payments come from the Medicare Trust Fund, which is funded primarily by payroll deductions taken from the United States work force through mandatory Social Security deductions.

34. Medicare is generally administered by the Centers for Medicare and Medicaid Services ("CMS"), which is an agency of the Department of Health and Human Services ("HHS"). CMS establishes rules for the day-to-day administration of Medicare. CMS contracts with private companies to administer day-to-day operations of Medicare.

35. CMS, through contractors, maintains and distributes fee schedules for the payment of physician services. These schedules specify the amounts payable for defined types of medical services and procedures.

### 2) Medicaid

36. Medicaid is a state and federal assistance program to provide payment of medical expenses for low-income patients. Medicaid was created in 1965 in Title XIX of the Social Security Act.

37. Funding for Medicaid is shared between the Federal Government and state programs that choose to participate in Medicaid.

38. At all relevant times, applicable Medicaid regulations relating to coverage of claims by providers and physicians have been substantially similar in all material respects to the applicable Medicare provisions described above.

**3) TRICARE**

39. TRICARE is a federal program which provides civilian health benefits for military personnel, military retirees, and their families. TRICARE is administered by the Defense Health Agency under the Department of Defense and funded by the Federal Government. See 32 C.F.R. 199.17.

40. At all relevant times, applicable TRICARE regulations relating to coverage of claims by providers and physicians have been substantially similar in all material respects to the applicable Medicare provisions described above.

41. Medicare, Medicaid, and TRICARE, and other similar federal programs are referred to collectively herein as "federal health insurance programs."

## D. THE ANTI-KICKBACK STATUTE

42. Medicare, Medicaid and other Government health care programs depend on physicians and other health care professionals to exercise independent judgment in the best interests of patients. Although monetary and other incentives tied to referrals are commonly accepted and legal in many businesses, such acts can corrupt the health care industry and harm Federal Programs. When a physician refers a patient to a provider because of some financial self-interest, the physician is not necessarily making the decision in the patient's best interests. Unfair

competition results when honest providers must compete with those who unlawfully pay to generate business. This systemic corruption of Federal health care programs defrauds the public.

43. Given these concerns, Congress first passed the AKS in 1972. Codified at 42 U.S.C. § 1320a-7b, the AKS is a criminal statute which makes it a felony, with a fine up to $250,000 and imprisonment up to five years, for anyone to solicit, receive, offer, or pay remuneration in exchange for referring patients to receive certain services that are paid for by the Government.

44. The 2010 Patient Protection and Affordable Care Act (the "ACA") changed the language of the AKS to provide that claims submitted in violation of the statute automatically constitute false claims for purposes of the FCA (31 U.S.C. §§ 3729–3733).

45. Further, the new language of the statute provides that "a person need not have actual knowledge...or specific intent to commit a violation," eliminating – or severely limiting – a provider's ability to successfully argue they did not know they were violating the FCA because they were unaware of the AKS.

**COURSE OF CONDUCT**

46. Defendants provided unlawful kickbacks to physicians and other healthcare decision-makers to induce those individuals to utilize and promote Quests' products and services.

47. [redacted]

## A. DEFENDANTS PROVIDED KICKBACKS TO INDUCE NEW BUSINESS

48. According to Relators Rabin and Abate, Defendants provided kickbacks to physicians and other decision-makers at major facilities to induce those individuals to utilize and promote Quest's products.

49. Specifically, Quest recruits and rewards these utilizers and promoters with things including, but not limited to New York Giants home games, hotel stays, airfare and dinners.

50. A particular example of this improper practice, Defendants invited physicians and representatives of healthcare companies to a New York Giants home game against the Seattle Seahawks on October 22, 2017 as either a reward for generating business for Quest or as an inducement to do so.

51. Specifically, Defendants invited Dr. [redacted] to the game as a reward for utilizing Quest's services and for recruiting other providers to do the same.

52. A document prepared by Defendants states that Dr. [redacted] "attend[ed] a NYG event in the past" resulting in his sending business to Quest from "the large [redacted] group" and in "[bringing] in new physician assistants." The document describes Dr. [redacted] attendance as a "customer appreciation and retention opportunity."

53. As another example, [redacted], Chief Operating Officer ("COO") of The [redacted] Hospital Center was invited to the game as an inducement to redirect the hospital's $1.5 million business to Quest.

54. The document states that the "hospital prospect is very close to committing to converting to Quest" and that Quest's senior leadership should interact directly with the COO during the game.

55. The foregoing examples are illustrative and not exhaustive. In addition to the other invitees listed on the customer brief, Quest provided illegal kickbacks to many more providers and decision-makers to induce new or continued business. As all of these providers and healthcare organizations treat patients covered by Medicare or other Government-funded health plans, these kickbacks are illegal and any claims for reimbursement resulting from them are *per se* violations of the FCA.

**B.** [redacted]

56. [redacted]

57. [redacted].[4]

58. [redacted]

---

[4] [redacted]

[5] [redacted]

59. [redacted]

60. [redacted]

61. [redacted]

62. [redacted]

63. [redacted]

64. [redacted]

---

6 [redacted]

65. [redacted]

66. [redacted]

67. [redacted]

68. [redacted]

**C.** [redacted]

69. [redacted]

70. [redacted]

71. [redacted]

72. [redacted]

[redacted]

73. [redacted]

74. [redacted]

75. [redacted]

76. [redacted]

### D. DEFENDANT'S IMPROPER CONDUCT CAUSED SUBSTANTIAL DAMAGE TO THE GOVERNMENT

77. Quest violated the FCA and the state statutes by [redacted]

78. Defendants also provided unlawful kickbacks to physicians and other healthcare decision-makers to induce those individuals to utilize and promote Quests' products and services.

79. Quest [redacted] and damaged the Government significantly by causing millions of dollars in false or fraudulent claims for reimbursement.

### E. CONCLUSION

Defendants caused the Government to incur substantial damages by presenting, making, using or causing to be presented, made or used thousands of False Claims to Government-funded health programs and private insurers in connection with its fraudulent schemes. The False Claims resulted in remuneration unlawfully received by the Defendants. More specifically, Defendant violated numerous provisions of the FCA, including, but not limited to, the following: 31 U.S.C. §3729(a)(1)(A); 31 U.S.C. §3729(a)(1)(B); 31 U.S.C. §3729(a)(1)(C); 31 U.S.C. §3729(a)(1)(D); 31 U.S.C. §3729(a)(1)(G) and the corresponding provisions of the state statutes.

In light of the foregoing, Defendants are liable to the United States and the named state plaintiffs for civil penalties and statutory damages. The estimated damages to the United States and the named state plaintiffs caused by the False Claims alleged herein are significant.

## CLAIMS FOR RELIEF

**COUNT I**
**False Claims Act: Presentation of False Claims**
**31 U.S.C. § 3729(a)(1)(A)**

80. Relators repeat and incorporate by reference the allegations above as if fully contained herein.

81. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have "knowingly present[ed], or cause[d] to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval" in violation of 31 U.S.C. § 3729(a)(1).

82. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

**COUNT II**
**False Claims Act: Making or Using a False Record or Statement to Cause Claim to be Paid**
**31 U.S.C. § 3729(a)(1)(B)**

83. Relators repeat and incorporate by reference the allegations above as if fully contained herein.

84. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants have "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement – *i.e.*, the false certifications and representations made or caused to be made by the Defendants – to get a false or fraudulent claim paid or approved by the Government" in violation of 31 U.S.C. § 3729(a)(2).

85. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for

each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

**COUNT III**
**False Claims Act: Conspiracy to Commit a Violation**
**31 U.S.C. § 3729(a)(1)(C)**

86. Relators repeat and incorporate by reference the allegations above as if fully contained herein.

87. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants and its agents have "conspire[d] to commit a violation of subparagraph (A), (B), (D)...or (G)" in violation of 31 U.S.C. §3729(a)(1)(C).

88. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

**COUNT IV**
**False Claims Act: Knowingly Delivers Less Than All of Government's Property in Defendants' Possession**
**31 U.S.C. §3729(a)(1)(D)**

89. Relators repeat and incorporate by reference the allegations above as if fully contained herein.

90. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants "ha[d] possession, custody, or control of property or money used,

or to be used, by the Government and knowingly deliver[ed], or cause[d] to be delivered, less than all of that money or property" in violation of 31 U.S.C. §3729(a)(1)(D).

91. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

**COUNT V**
**False Claims Act: Knowingly Conceals or Improperly Avoids an Obligation to Pay Money to the Government**
**31 U.S.C. §3729(a)(1)(G)**

92. Relators repeat and incorporate by reference the allegations above as if fully contained herein.

93. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases and obligation to pay or transit money or property to the Government: in violation of 31 U.S.C. §3729(a)(1)(G).

94. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim

submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

**COUNT VI**
**California False Claims Act**
**Cal. Gov't Code §§ 12651(a)(1), (2), (3) and (7)**

95. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

96. This is a claim for treble damages and penalties under the CA FCA.

97. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly presented or caused to be presented false or fraudulent claims to the California State Government for payment or approval, in violation of Cal. Gov't Code § 12651(a)(1).

98. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the California State Government to approve and pay false and fraudulent claims, in violation of Cal. Gov't Code § 12651(a)(2).

99. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the California State Government by inducing it to approve and pay false and fraudulent claims, in violation of Cal. Gov't Code § 12651(a)(3).

100. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used or caused to be made or used false records or statements to

Defendants knowingly made, used or caused to be made or used false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the California State Government, in violation of Cal. Gov't Code § 12651(a)(7).

101. The California State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

102. As a result of Defendants' conduct, the State of California has been damaged, and continues to be damaged, in an amount to be determined at trial.

103. The State of California is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT VII**
**Florida False Claims Act**
**Fla. Stat. Ann. §§ 68.082(2)(a), (b), (c) and (g)**

104. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

105. This is a claim for treble damages and penalties under the FL FCA.

106. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly presented or caused to be presented false or fraudulent claims to the Florida State Government for payment or approval, in violation of Fla. Stat. Ann. § 68.082(2)(a).

107. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Florida State Government to approve and pay false and

fraudulent claims, in violation of Fla. Stat. Ann. § 68.082(2)(b).

108. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the Florida State Government by inducing it to approve and pay false and fraudulent claims, in violation of Fla. Stat. Ann. § 68.082(2)(c).

109. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used or caused to be made or used false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the Florida State Government, in violation of Fla. Stat. Ann. § 68.082(2)(g).

110. The Florida State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

111. As a result of Defendants' conduct, the State of Florida has been damaged, and continues to be damaged, in an amount to be determined at trial.

112. The State of Florida is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT VIII**
**Illinois Whistleblower Reward And Protection Act**
**740I. Comp. Stat. §§ 175/3(a)(1), (2), (3) and (7)**

113. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

114. This is a claim for treble damages and penalties under the IL FCA.

115. Through the acts more particularly set forth in the foregoing paragraphs,

Defendants knowingly presented or caused to be presented false or fraudulent claims to the Illinois State Government for payment or approval, in violation of 740 Ill. Comp. Stat. § 175/3(a)(1).

116. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Illinois State Government to approve and pay false and fraudulent claims, in violation of 740 Ill. Comp. Stat. § 175/3(a)(2).

117. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the Illinois State Government by inducing it to approve and pay false and fraudulent claims, in violation of 740 Ill. Comp. Stat. § 175/3(a)(3).

118. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used or caused to be made or used false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the Illinois State Government, in violation of 740 Ill. Comp. Stat. § 175/3(a)(7).

119. The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

120. As a result of Defendants' conduct, the State of Illinois has been damaged, and continues to be damaged, in an amount to be determined at trial.

121. The State of Illinois is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT IX
## Massachusetts False Claims Act
## Mass. Gen. Laws ch. 12, §§ 5B(1), (2), (3) and (8)

122. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

123. This is a claim for treble damages and penalties under the MA FCA.

124. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly presented or caused to be presented false or fraudulent claims to the Massachusetts State Government for payment or approval, in violation of Mass. Gen. Laws ch. 12, § 5B(1).

125. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Massachusetts State Government to approve and pay false and fraudulent claims, in violation of Mass. Gen. Laws ch. 12, § 5B(2).

126. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the Massachusetts State Government by inducing it to approve and pay false and fraudulent claims, in violation of Mass. Gen. Laws ch. 12, § 5B(3).

127. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used or caused to be made or used false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the Massachusetts State Government, in violation of Mass. Gen. Laws ch. 12, § 5B(8).

128. The Massachusetts Commonwealth Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal

and hidden marketing and kickback scheme.

129. As a result of Defendants' conduct, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in an amount to be determined at trial.

130. The Commonwealth of Massachusetts is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT X**
**Michigan Medicaid False Claims Act**
**Mich. Comp. Laws §§ 400.606-07**

131. Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

132. This is a claim for damages and penalties under the MI FCA.

133. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the Michigan State Government by inducing it to approve and pay false and fraudulent claims, in violation of Mich. Comp. Laws § 400.606.

134. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made or presented, or caused to be made or presented, false or fraudulent claims to the Michigan State Government for payment or approval, in violation of Mich. Comp. Laws § 400.607.

135. The Michigan State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

136. As a result of Defendants' conduct, the State of Michigan has been damaged, and continues to be damaged, in an amount to be determined at trial.

137. The State of Michigan is entitled to the maximum penalty of $50,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XI**
**New Jersey False Claims Act**
**N.J. Stat. Ann. §§ 2A:32C-3(a), (b), (c) and (g)**

138. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

139. This is a claim for treble damages and penalties under the NJ FCA.

140. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly presented or caused to be presented false or fraudulent claims to the New Jersey State Government for payment or approval, in violation of N.J. Stat. Ann. § 2A:32C-3(a).

141. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Jersey State Government to approve and pay false and fraudulent claims, in violation of N.J. Stat. Ann. § 2A:32C-3(b).

142. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the New Jersey State Government by inducing it to approve and pay false and fraudulent claims, in violation of N.J. Stat. Ann. § 2A:32C-3(c).

143. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly made, used or caused to be made or used false records or statements

Defendants knowingly made, used or caused to be made or used false records or statements material to obligations to pay or transmit money or property to the New Jersey State Government, in violation of N.J. Stat. Ann. § 2A:32C-3(g).

144. The New Jersey State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

145. As a result of Defendants' conduct, the State of New Jersey has been damaged, and continues to be damaged, in an amount to be determined at trial.

146. The State of New Jersey is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XII**
**New York State False Claims Act**
**New York State Finance Law §187 *et seq.***

147. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

148. This is a claim for double damages and penalties under the NYFCA.

149. Through the acts more particularly set forth in the foregoing paragraphs,

150. Defendants knowingly made or caused to be made false statements of material fact, to receive benefits unauthorized under the New York Medicaid program.

151. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly concealed or failed to disclose information, to receive benefits unauthorized under the New York Medicaid program.

152. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the New York State Government by inducing it to approve and pay false and fraudulent claims.

153. The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

154. As a result of Defendants' conduct, the State of New York has been damaged, and continues to be damaged, in an amount to be determined at trial.

155. The State of New York is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

156. Through the acts more particularly set forth in the foregoing paragraphs, Defendants discharged, threatened, harassed and/or discriminated against Relator in the terms and conditions of her employment in retaliation against Relator's lawful report of the wrongful conduct alleged above in violation of New York Finance Law § 187 *et seq.*

**COUNT XIII**
**Texas Medicaid Fraud Prevention Law**
**Tex. Hum. Res. Code Ann. §§ 36.002(1), (2), (5) and (9)**

157. Relator repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

158. This is a claim for double damages and penalties under the TX MFCA.

159. Through the acts more particularly set forth in the foregoing paragraphs,

160. Defendants knowingly made or caused to be made false statements of material fact,

in order to receive benefits unauthorized under the Texas Medicaid program, in violation of Tex. Hum. Res. Code Ann. § 36.002(1).

161. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly concealed or failed to disclose information, in order to receive benefits unauthorized under the Texas Medicaid program, in violation of Tex. Hum. Res. Code Ann. § 36.002(2).

162. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly paid unlawful kickbacks and other consideration in violation of Tex. Hum. Res. Code Ann. § 36.002(5).

163. Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the Texas State Government by inducing it to approve and pay false and fraudulent claims, in violation of Tex. Hum. Res. Code Ann. § 36.002(9).

164. The Texas State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' illegal and hidden marketing and kickback scheme.

165. As a result of Defendants' conduct, the State of Texas has been damaged, and continues to be damaged, in an amount to be determined at trial.

166. The State of Texas is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**PRAYERS FOR RELIEF**

WHEREFORE, for each of these claims, the Qui Tam Plaintiff requests the following relief from each of the Defendants, jointly and severally, as to the federal claims:

a. Three times the amount of damages that the Government sustains because of the acts of Defendants;

b. A civil penalty of for each violation;

c. An award to the Qui Tam Plaintiffs for collecting the civil penalties and damages;

d. Award of an amount for reasonable expenses necessarily incurred;

e. Award of the Qui Tam Plaintiffs' reasonable attorneys' fees and costs;

f. Interest;

g. Such further relief as the Court deems just; and

WHEREFORE, Relators, on behalf of the State of California, demand judgment against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages that the State of California has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $10,000, or such other penalty as the law may permit and/or require, for each violation of the CA FCA;

b. Relators be awarded the maximum amount allowed pursuant to the CA FCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by the CA FCA and/or any other applicable provision of law; and

d. Relators be awarded such other and further relief as this Court may deem just and proper.

WHEREFORE, Relators, on behalf of the State of Florida, demand judgment against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages that the State of Florida has sustained because of Defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000, or such other penalty as the law may permit and/or require, for each violation of the FL FCA;

b. Relators be awarded the maximum amount allowed pursuant to the FL FCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by the FL FCA and/or any other applicable provision of law; and

d. Relators be awarded such other and further relief as this Court may deem just and proper.

WHEREFORE, Relators, on behalf of the State of Illinois, demand judgment against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages that the State of Illinois has sustained because of Defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000, or such other penalty as the law may permit and/or require, for each violation of IL FCA;

b. Relators be awarded the maximum amount allowed pursuant to IL FCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by IL FCA and/or any other applicable provision of law; and

d. Relators be awarded such other and further relief as this Court may deem just and proper.

WHEREFORE, Relators, on behalf of the Commonwealth of Massachusetts, demand judgment against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages that the Commonwealth of Massachusetts has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $10,000, or such other penalty as the law may permit and/or require, for each violation of the MA FCA;

b. Relators be awarded the maximum amount allowed pursuant to the MA FCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by the MA FCA and/or any other applicable provision of law; and Relator be awarded such other and further relief as this Court may deem just and proper.

WHEREFORE, Relators, on behalf of the State of Michigan, demand judgment against Defendants, ordering that:

a. Defendants pay any and all damages that the State of Michigan has sustained because of Defendants' actions, plus a fine of up to $50,000, or such other penalty as the law may permit and/or require, for each violation of MI MFCA;

b. Relators be awarded the maximum amount allowed pursuant to the MI MFCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by the MI MFCA and/or any other applicable provision of law; and

provided by the NY FCA and/or any other applicable provision of law; and

d. Relators be awarded such other and further relief as this Court may deem just and proper.

WHEREFORE, Relators, on behalf of the State of Texas, demand judgment against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages that the State of Texas has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $10,000, or such other penalty as the law may permit and/or require, for each violation of the TX MFCA;

b. Relators be awarded the maximum amount allowed pursuant to the TX MFCA and/or any other applicable provision of law;

c. Relators be awarded all costs and expenses of this action, including attorneys' fees as provided by the TX MFCA and/or any other applicable provision of law; and

d. Relators be awarded such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Relator hereby demands a trial by jury as to all issues.

Respectfully Submitted:

William L. Hurlock
MUELLER LAW, LLC
363 Bloomfield Ave, 2-C
Montclair, NJ 07042
Tel: (973) 556-8290
Fax: (973) 509-9521
william.hurlock@muellerlaw.com
ATTORNEYS FOR RELATOR